UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JALEEL BOWEN,

                Plaintiff,                **DECISION AND ORDER**

    v.

                                          1:19-CV-00420 EAW

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

## INTRODUCTION

Represented by counsel, plaintiff Jaleel Bowen ("Plaintiff") brings this action pursuant to Title XVI of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner," or "Defendant") denying his application for supplemental security income ("SSI"). (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g).

Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Dkt. 7; Dkt. 10), and Plaintiff's reply (Dkt. 11). For the reasons discussed below, the Commissioner's motion (Dkt. 10) is granted and Plaintiff's motion (Dkt. 7) is denied.

## BACKGROUND

Plaintiff protectively filed his application for SSI on August 10, 2012. (Dkt. 6 at 63, 64).[1] In his application, Plaintiff alleged disability beginning July 14, 2008, due to the following impairments: neuropathy; depression; anxiety; post-traumatic stress disorder ("PTSD"); weakness and stiffness in left leg; inability to lift anything over 20 pounds; and sleep apnea. (*Id.* at 64-65). Plaintiff's application was initially denied on February 15, 2013. (*Id.* at 84-91). At Plaintiff's request, a hearing was held before administrative law judge ("ALJ") Robert T. Harvey in Buffalo, New York, on May 7, 2014. (*Id.* at 30-82). On July 15, 2014, the ALJ issued an unfavorable decision. (*Id.* at 11-29). Plaintiff requested Appeals Council review; his request was denied December 16, 2015, making the ALJ's determination the Commissioner's final decision. (*Id.* at 6-8). Plaintiff sought review of the Commissioner's final decision.

By Decision and Order dated March 28, 2017, the Honorable Frank P. Geraci, Jr., Chief United States District Judge, concluded that the ALJ's determination was conclusory and insufficient and granted Plaintiff's motion for judgment on the pleadings, remanding the matter for further administrative proceedings. (*Id.* at 513-19). A hearing was held before ALJ Bryce Baird in Buffalo, New York, on June 19, 2018. (*Id.* at 470-507). On December 5, 2018, the ALJ issued an unfavorable decision. (*Id.* at 437-56). Because the

---

[1]  When referencing the page number(s) of docket citations in this Decision and Order, the Court will cite to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

Appeals Council did not assume jurisdiction and Plaintiff did not file written exceptions, the ALJ's determination became the Commissioner's final decision. This action followed.

## **LEGAL STANDARD**

### **I.    District Court Review**

"In reviewing a final decision of the [Social Security Administration ("SSA")], this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence). However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## II.     Disability Determination

An ALJ follows a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act.  *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986).  At step one, the ALJ determines whether the claimant is engaged in substantial gainful work activity.  *See* 20 C.F.R. § 416.920(b).  If so, the claimant is not disabled.  If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities.  *Id*. § 416.920(c).  If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled."  If the claimant does have at least one severe impairment, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings").  *Id*. § 416.920(d).  If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (*id*. § 416.909), the claimant is disabled.  If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments.  *See id*. § 416.920(e).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits the claimant to perform the requirements of his or her past relevant work.  *Id*. § 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden

shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 416.920(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of the claimant's age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation omitted).

## DISCUSSION

### I. The ALJ's Decision

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. § 416.920. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful work activity since August 10, 2012, the application date. (Dkt. 6 at 442).

At step two, the ALJ found that Plaintiff suffered from the severe impairments of "history of gunshot wound causing lumbar and thoracic injury, with occasional urinary incontinence, and post-traumatic stress disorder (PTSD)." (*Id.*). The ALJ further found that Plaintiff's medically determinable impairments of headaches and asthma were non-severe. (*Id.*).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any Listing. (*Id.* at 443). The ALJ particularly considered the criteria of Listings 11.14 and 12.15 in reaching his conclusion. (*Id.* at 443-44).

Before proceeding to step four, the ALJ determined that Plaintiff retained the RFC to perform sedentary work as defined in 20 C.F.R. § 416.967(a), with the additional limitations that:

> [Plaintiff] can lift, carry, push and pull 10 pounds occasionally and five pounds frequently. He can sit up to six hours and stand or walk up to two hours in an eight-hour workday, but must sit for 15 minutes after 20 minutes of standing or walking, and stand or walk for five minutes after 30 minutes of sitting. He can never operate foot controls with the left foot. He can occasionally climb ramps or stairs, but never climb ladders, ropes or scaffolds. He can occasionally balance and stoop, but can never kneel, crouch, or crawl. [Plaintiff] must avoid exposure to excessive cold, excessive vibration, and exposure to hazards such as unprotected heights and moving machinery. [Plaintiff] can perform work limited to simple, routine tasks that can be learned after a short demonstration or within 30 days; and work that does not require travel to unfamiliar places. He can have occasional interaction with the public and coworkers, and can perform work that does not require teamwork, such as on a production line.

(*Id.* at 444). At step four, the ALJ found that Plaintiff had no past relevant work. (*Id.* at 445).

At step five, the ALJ relied on the testimony of a vocational expert ("VE") to conclude that, considering Plaintiff's age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, including the representative occupations of: Final Assembler; Press Operator, Pierce Shave; and Laminator 1. (*Id.* at 455-56). Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act. (*Id.* at 456).

## II.   The Commissioner's Determination is Supported by Substantial Evidence and Free from Legal Error

Plaintiff asks the Court to reverse or, in the alternative, remand this matter to the Commissioner, arguing that the ALJ's RFC finding failed to account for additional

unscheduled restroom breaks.  (*See* Dkt. 7-1 at 15).  Specifically, Plaintiff challenges the ALJ's failure to explain why he did not assess limitations to account for Plaintiff's bowel issues.  (*Id.* at 17-18).  The Court has considered this argument and, for the reasons discussed below, finds it to be without merit.

In deciding a disability claim, an ALJ is tasked with "weigh[ing] all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013).  Specifically, "the ALJ is required to articulate the reasons for the RFC determination, which 'must include a narrative discussion describing how the evidence supports each conclusion.'" *Quinto v. Berryhill*, No. 3:17-cv-00024(JCH), 2017 WL 6017931, at *5 (D. Conn. Dec. 1, 2017) (quoting SSR 96-8p, at *7).  An ALJ's conclusion need not "perfectly correspond with any of the opinions of medical sources cited in his decision." *Matta*, 508 F. App'x at 56.  However, an ALJ is not a medical professional, and "is not qualified to assess a claimant's RFC on the basis of bare medical findings." *Ortiz v. Colvin*, 298 F. Supp. 3d 581, 586 (W.D.N.Y. 2018) (quotation omitted).  "[A]s a result[,] an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence." *Dennis v. Colvin*, 195 F. Supp. 3d 469, 474 (W.D.N.Y. 2016) (quotation omitted).

Plaintiff argues that the ALJ failed to provide a "distinct explanation why Plaintiff would not need unscheduled bathroom breaks for his bowel issues."  (Dkt. 7-1 at 17).  As noted above, the ALJ did not find Plaintiff's claimed impairment of irritable bowel syndrome ("IBS") to be a severe impairment, and Plaintiff does not appear to specifically

challenge the ALJ's step two finding. No doctor has opined that Plaintiff has work-related functional limitations due to his bowel issues.

Contrary to Plaintiff's claim, it is clear from the written determination, and from the record in this case, why the ALJ concluded that Plaintiff did not require additional bathroom breaks for his bowel issues.[2] At his June 2018 administrative hearing, Plaintiff testified that he was unable to control his bowel movements. (Dkt. 6 at 484 ("I can't really control it at all. It just comes out. If I'm like in the bed and I feel it, I won't even make it to the bathroom.")). Plaintiff testified that this happens "between two to four times a month." (*Id.* at 484-85). Plaintiff also testified that he had stopped taking medication for his bowel movements because he no longer left the house. (*Id.* at 485). The ALJ specifically discussed Plaintiff's hearing testimony regarding his claimed impairment of IBS. (*See id.* at 445 (discussing Plaintiff's testimony at the first administrative hearing that he "was unable to work due to gunshot wounds in the low back, irritable bowel syndrome (IBS), and PTSD," and Plaintiff's testimony at his second hearing that "[h]e is not on medications for IBS because he does not leave the house very often.")).

The ALJ also pointed to specific evidence in the record belying Plaintiff's complaints regarding the severity of his bowel issues. (*See, e.g., id.* at 446 (CT of

---

[2]  Although the RFC does not provide for unscheduled bathroom breaks, the RFC does not prohibit Plaintiff from accessing the bathroom during his standard breaks, which would include two 15-minute breaks and one 30-minute break each day. *See Anglero v. Colvin*, No. 15 CV 440 (VEC) (KNF), 2016 WL 4063843, at *11 (S.D.N.Y. June 7, 2016) (ALJ noted that standard workplace employment in New York State consists of two 15-minute breaks and one 30-minute break), *report and recommendation adopted*, 2016 WL 4098615 (S.D.N.Y. July 28, 2016); *Lowe*, 2016 WL 624922, at *6 ("[O]rdinary, acceptable breaks [are] typically defined to mean one 15 minute break in the morning, one 15 minute break in the afternoon, and one 30 minute lunch break.").

Plaintiff's abdomen revealed multiple small metallic densities scattered over the lower hemithorax and upper abdomen mostly on the left side; no evidence of bowel obstruction; obstipation; [and] no evidence of any pneumoperitoneum," and at April 7, 2010, medical appointment, Plaintiff denied loss of bowel function), 448 (at September 20, 2013, physical examination, Dr. Bennett Myers noted that Plaintiff "had no significant bowel dysfunction"), 450 (at his January 9, 2018, physical examination with Dr. Timothy McDaniel, "[t]here was no mention of either bladder or bowel incontinence," and at April 21, 2010, evaluation, Plaintiff complained that he was unable to hold his bowel about once a month)).

Plaintiff's complaints regarding the severity of his bowel issues are not supported by the record. In assessing the credibility of a claimant's subjective complaints, the Commissioner's regulations require ALJs to employ a two-step inquiry. *Meadors v. Astrue*, 370 F. App'x 179, 183 (2d Cir. 2010). "First, the ALJ must determine whether the claimant suffers from a 'medically determinable impairment[] that could reasonably be expected to produce'" his symptoms. *Id.* (quoting 20 C.F.R. § 404.1529(c)(1)). "Second, the ALJ must evaluate the intensity and persistence of those symptoms considering all of the available evidence; and, to the extent that the claimant's [subjective] contentions are not substantiated by the objective evidence, the ALJ must engage in a credibility inquiry." (*Id.*).

The Court finds that the ALJ reasonably concluded that Plaintiff's allegations concerning the severity of his symptoms were not supported by evidence in the record. Although treatment records document that Plaintiff was assessed with IBS, the record does

not demonstrate significant bowel dysfunction to the extent alleged by Plaintiff at his hearing. (*See* Dkt. 6 at 708 (Dr. Peter McQuiller noted that Plaintiff had denied loss of bowel function), 794 (Dr. Gregory J. Castiglia noted that Plaintiff had no changes in his bowel control), 797 (Dr. Myers noted "[n]o significant bowel dysfunction")). Additionally, at his February 4, 2013, consultative examination with Dr. Hongbiao Liu, Plaintiff complained of IBS, constipation, and diarrhea. (*Id.* at 303). Dr. Liu examined Plaintiff's abdomen and concluded Plaintiff's condition was stable. (*See id.* at 303-05). Significantly, Dr. Liu did not assess any work-related limitations in connection with Plaintiff's IBS. (*See id.* at 306). Plaintiff underwent a second consultative examination on April 12, 2016, with Dr. Donna Miller. (*Id.* at 732-35). At that examination, Plaintiff did not complain of IBS or any other related impairment. (*See id.* at 732). Dr. Miller examined Plaintiff's abdomen and did not note any issues or assess any related limitations. (*See id.* at 734-35).

Although records indicate that Plaintiff, at times, complained of reduced ability to control his bowel, his complaints were generally inconsistent with his hearing testimony concerning the severity of his symptoms. (*See id.* at 285 ("[Plaintiff] reports that occasionally perhaps once a month he cannot hold his . . . bowel."), 303 ("[Plaintiff] has constipation, every two to three days he will have one bowel movement. Alternating with diarrhea, one to two bowel movements a day. He is currently stable."), 858 (Plaintiff complained of intermittent loose stools, cramping, and bloating every two to three weeks)). Additionally, the medical evidence in the record indicates that Plaintiff was prescribed conservative treatment for his IBS, which further belies his allegations of disability. (*See id.* at 298 (Dr. McDaniel recommended probiotics trial for Plaintiff's reports of "irregular

bowel movements"), 858 (Dr. McDaniel recommended probiotics and lactose-free diet)).

The ALJ's consideration of the evidence in the record was proper. A plaintiff's subjective complaints are insufficient to establish disability, particularly when they are not supported by objective medical evidence. *See Poupore v. Astrue*, 566 F.3d 303, 307 (2d Cir. 2009) (finding plaintiff's subjective complaints were insufficient to establish a disability where they were unsupported by objective medical evidence). "An ALJ's credibility finding is entitled to substantial deference by a reviewing court." *Rivera v. Comm'r of Soc. Sec.*, 368 F. Supp. 3d 626, 645 (S.D.N.Y. 2019). As explained above, there are notable inconsistencies between Plaintiff's subjective complaints of the limitations caused by his IBS and the medical evidence in the record.

The Court is also not persuaded by Plaintiff's argument that "[c]oncerning impairments that result in chronic diarrhea or urgency issues, an ALJ errs [when] he fail[s] to make specific findings regarding the frequency and anticipated length of bathroom breaks." (Dkt. 7-1 at 16). In support of his argument, Plaintiff cites *Lowe v. Colvin*, No. 6:15-CV-06077(MAT), 2016 WL 624922, at *6 (W.D.N.Y. Feb. 17, 2016). (*Id.*). In *Lowe*, the plaintiff's treating physician opined that the plaintiff needed unlimited access to the bathroom due to her gastrointestinal symptoms. *Lowe*, 2016 WL 624922, at *5. Accounting for this limitation, the ALJ's RFC finding required that the plaintiff have "ready access to toilet facilities." *Id.* at *6. Without relying on the VE's testimony, the ALJ concluded that Plaintiff's "need to have access to toilet facilities [did] not significantly erode the light occupational base because federal law requires that employers provide employees reasonable access to bathroom facilities" and that the plaintiff's "need to use

the facilities would generally be accommodated during breaks and the lunch period." *Id.* The court concluded that this was error because the ALJ did not make specific findings regarding the frequency and length of the bathroom breaks, especially considering the ALJ's conclusion that the limitation did not erode the occupational base for light work was not based on a medical opinion or VE testimony. *Id.* at \*7. However, in this case, no physician has opined that Plaintiff requires any additional access to toilet facilities, and the ALJ's RFC finding did not include such a limitation. As such, *Lowe* is inapposite.

Ultimately, it is Plaintiff's burden to prove a more restrictive RFC than the RFC assessed by the ALJ. *See Smith v. Berryhill*, 740 F. App'x 721, 726 (2d Cir. 2018). The ALJ reasonably concluded that Plaintiff failed to meet his burden in this case. In formulating the RFC assessment, the ALJ considered the objective medical evidence, Plaintiff's treatment history, allegations, and the opinions of physicians. As such, the RFC assessment in this case is consistent with the record and is supported by substantial evidence. To the extent that Plaintiff's allegations conflicted with the evidence in the record, the ALJ was entitled to resolve such discrepancies. *See Pullins v. Comm'r of Soc. Sec.*, No. 1:18-cv-01303-DB, 2019 WL 6724586, at \*5 (W.D.N.Y. Dec. 11, 2019) ("[I]t is the role of the ALJ to resolve conflicts in the record." (citing *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002))); *Schlichting v. Comm'r of Soc. Sec.*, 11 F. Supp. 3d 190, 206 (N.D.N.Y. 2012) ("It is the function of the [Commissioner], not [reviewing courts], to resolve evidentiary conflicts. . . . If there is substantial evidence in the record to support the Commissioner's findings, the court must uphold the ALJ's decision to discount a claimant's subjective complaints of pain." (internal quotation marks and citations

omitted)). Accordingly, neither reversal nor remand is warranted.

## CONCLUSION

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings (Dkt. 10) is granted, and Plaintiff's motion for judgment on the pleadings (Dkt. 7) is denied. The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: June 1, 2020
Rochester, New York